**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

GEORGE MATTHEW LAZAR, #71123                              **PLAINTIFF**

VS.                                    **CIVIL ACTION NO. 3:05CV1BN**

MDOC, ET AL                                              **DEFENDANTS**

---

### MEMORANDUM OPINION AND ORDER

The Plaintiff George Matthew Lazar, *pro se,* and counsel for the Defendants, John L. Clay, appeared before the undersigned United States Magistrate Judge on the 13th day of May, 2005, at the James Eastland Federal Building and Courthouse in Jackson, Mississippi, for an omnibus hearing. The Court scheduled this hearing for various pretrial purposes, including a <u>Spears</u> hearing. The Court conducted this hearing in an attempt to insure the just, speedy and inexpensive determination of this *pro se* prisoner litigation and to determine whether or not the Plaintiff's claims were supported by a factual or legal basis. Pursuant to a Consent signed by all parties on May 13, 2005, District Judge William H. Barbour, Jr. entered an Order filed May 31, 2005, assigning this cause to the undersigned United States Magistrate Judge for all further proceedings.

The Plaintiff is an inmate at the Central Mississippi Correctional Facility in the custody of these Defendants. According to Plaintiff's sworn testimony at the omnibus hearing, his claims relate to the fact that he was downgraded in custody

status due to a new point scoring system after it came into effect.
Beginning in June, 2002, the Plaintiff was placed in "A" custody
and allowed various associated privileges.  He tutored deaf persons
and had weekly visitation and family house visits with his family.
In April, 2004, the Plaintiff's "A" custody status was revoked due
to the new Classification Point System enacted by MDOC.  As a
result, he lost these "A" custody privileges.

The Plaintiff contends that this reduction in custody status,
with no prior notice, violated the United States Constitution's ex
post facto provisions, as well as other constitutional provisions.
He requests $75,000 in damages.

The Court has carefully considered the facts as alleged by the
Plaintiff in conjunction with the applicable constitutional and
federal law.  The Plaintiff is again reminded that his rights under
the United States Constitution may not be violated simply because
the classification system may have been unfairly applied in his
situation.  **Unfairness** on the part of MDOC does not create a
constitutional claim.  MDOC is under no constitutional duty to
foster prisoner's family relationships.

The Court of Appeals for the Fifth Circuit has held that a
prison inmate does not have a protectable liberty or property
interest in his custodial classification.  <u>Wilson v. Budney</u>, 976
F.2d 957, 958 (5th Cir. 1992), citing <u>Moody v. Baker</u>, 857 F.2d 256,
257-58 (5th Cir.), <u>cert. denied</u>, 488 U.S. 985 (1988).  Because a

2

change in classification does not implicate a liberty interest, it is not a claim of constitutional dimension and cannot be brought in a Section 1983 action.  <u>Garner v. Martinez</u>, 2005 WL 1651013 (S.D. Tex., July 12, 2005), citing <u>Sandin v. </u>Conner, 515 U.S. 472, 484 (1995)and <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999) (finding no liberty interest in prison classification).  Further, "[i]t is well settled that the Due Process Clause does not protect every change in the conditions of confinement having a substantially adverse impact on a prisoner."  <u>Johnson v. Dretke</u>, 2005 WL 1586677 at *2 (N.D. Tex., July 5, 2005), citing <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976).

The federal courts have frequently been cautioned by the United States Supreme Court on many occasions from assuming "a greater role in decisions affecting prison administration." <u>Garner</u>, at *4, citing <u>Shaw v. Murphy</u>, 532 U.S. 223, 230 (2001).  In the Court's opinion, the facts as alleged by the Plaintiff do not warrant or allow federal intervention into the State's administration of its prisons.

To state a claim under 42 U.S.C. Section 1983, a plaintiff must alleged the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for

3

failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. <u>Oliver v. Scot</u>, 276 F.3d 736, 740 (5th Cir. 2002). Having liberally construed the complaint in favor of Lazar, as required by the law to do, the Court finds that he has failed to state an actionable claim.

For these reasons, the Court finds that the Complaint filed in the instant case fails to state a claim upon which relief may be granted, is legally frivolous, and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) with prejudice.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice and that a separate Final Judgment in favor of the Defendants shall be entered on this date.

THIS the 2nd day of August, 2005.


                              S/ Alfred G. Nicols, Jr.
                    UNITED STATES MAGISTRATE JUDGE


4